FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 11:06 am, Mar 07, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JARVIS DEMON BOOKER,

    Plaintiff,

v.

OFFICER ERVIN; SGT WILLIAMS; and
SGT. BLAKELY,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-15

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' unopposed Motion for Summary Judgment, filed on June 27, 2018. Doc. 32. The Clerk of Court mailed a notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by July 18, 2018. Doc. 33. That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . . , the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Id. This notice was sent to Plaintiff at Valdosta State Prison and was not returned to the Clerk of Court as undeliverable. Additionally, Local Rule 7.5 explains that failure to respond to a motion within the applicable period of time indicates that the motion is unopposed.

However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United

States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

The time for Plaintiff to file a response has elapsed, and Defendants' Motion is now ripe for adjudication. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Summary Judgment and allow Plaintiff to proceed only on his excessive force claim against Defendant Ervin for nominal damages.

## BACKGROUND[1]

Plaintiff, a state prisoner incarcerated at Valdosta State Prison in Valdosta, Georgia, filed this action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. Doc. 1. On August 31, 2015, Plaintiff had an asthma attack and, after using his inhaler, notified Defendant Ervin, the guard on duty, that he needed medical attention. Doc. 32-2 at 22, 24. Defendant Ervin promised to notify his supervisor of Plaintiff's request but otherwise did nothing to secure medical treatment for Plaintiff. Id. at 26. An hour later, Defendant Ervin returned to collect food trays. Id. At that time, Plaintiff stuck his left arm out of the flap in his cell door to get Defendant Ervin's attention. Id. at 23. After Plaintiff again requested medical treatment, Defendant Ervin pinned Plaintiff's arm in the flap and began beating and twisting it. Id. at 29–36. Plaintiff was able to remove his forearm from the door, and Defendant Erwin then kicked the door, injuring Plaintiff's left shoulder. Id. at 39–41.

---

[1] At this stage, the Court is required to view all evidence in the light most favorable to the non-moving party, in this case Plaintiff, and draw all reasonable inference in his favor. Crane v. Lifemark Hosps., Inc., 898 F.3d 1130, 1133 (11th Cir. 2018).

That evening, Defendant Williams stopped by Plaintiff's cell and stated that she would pull the recording of the incident, contact her captain, and secure medical treatment for Plaintiff. Id. at 47. The next day, Defendant Blakely stopped by Plaintiff's cell twice but refused to secure medical treatment for Plaintiff. Id. at 70–71. Plaintiff was eventually given medical treatment for his asthma the morning of September 2, 2015, approximately 36 hours after the alleged incident. Id. at 49. During that treatment, the physician's assistant noted that Plaintiff's left hand and right arm were bruised and lacerated. Doc. 32-4 at 34. The physician's assistant ordered an x-ray of Plaintiff's left hand, which revealed that his hand was not fractured. Id. at 37. A month later, Plaintiff underwent a left shoulder arthroscopy to correct a labrum tear in his left shoulder. Id. at 51. Plaintiff alleged in his deposition that this surgery was the result of the August 31 injury to his arm. Doc. 32-2 at 64. Although Plaintiff's medical records indicate that he was diagnosed with a labrum tear to his left shoulder during the October 2, 2015 examination, the records also indicate Plaintiff had a left-shoulder labrum tear in March 2015, six months before the alleged incident. Id. at 58–61. The March diagnosis indicates that Plaintiff was initially scheduled for a follow-up in May of that year, but that appointment was repeatedly rescheduled until late September. Id. at 60–61.

Plaintiff filed his Complaint on January 18, 2017. After the requisite frivolity review, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Defendants in their official capacities but ordered service of Plaintiff's claims for excessive force against Defendant Ervin and for claims of deliberate indifference to medical needs against all Defendants. Doc. 10. The Court then adopted that Report and Recommendation without objection. Doc. 21. After discovery, Defendants filed the instant Motion for Summary Judgment, asking the Court to dismiss Plaintiff's claims for deliberate indifference and to limit

Plaintiff's recovery on his excessive force claim to nominal damages. Doc. 32. In support of their Motion, Defendants have submitted a copy of Plaintiff's deposition, Plaintiff's certified medical records, affidavits by all three Defendants, and a statement of undisputed material facts. Docs. 32-2–32-9, 34.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must

4

view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION

### I. Deliberate Indifference Claims

The standard for cruel and unusual punishment in the medical care context, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825 at 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

In order to prevail on a deliberate indifference claim under the Eighth Amendment, a prisoner must show three elements: (1) an objectively serious medical need; (2) a defendant's subjective, deliberate indifference to that need; and (3) an injury caused by the defendant's indifference. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). As to the first element, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). In either situation, the medical need must be "one that, if left unattended, 'poses a substantial risk of serious harm.'" Farrow, 320 F.3d at 1246 (quoting Farmer, 511 U.S. at 834).

Plaintiff is unable to show a genuine issue of material fact as to whether he had a serious medical need. In his deposition, Plaintiff alleges he suffered two sets of injuries.[2] Doc. 32-2 at 71–74. The first is the bruising and lacerations to his left hand and right arm; these injuries are corroborated by Plaintiff's medical exam on September 2, 2015. Doc. 32-4 at 34. The second is the left shoulder injury requiring arthroscopic surgery. <u>Id.</u> As a matter of law, the bruising and lacerations to Plaintiff do not amount to a serious medical need. Plaintiff required no stiches for his injuries and received only over-the-counter pain medicine to treat his injuries. <u>Id.</u> Cuts and bruises that require only minor treatment are not a serious medical need for purposes of Eighth Amendment claims. <u>See</u> <u>Willacy v. County of Brevard</u>, No. 04-cv-1666-Orl-18, 2007 WL 1017657, at *9 (M.D. Fla. Mar. 30, 2007) (holding that an inmate suffering numerous lacerations and contusions did not show a serious medical need where he required only a cleaning of his wounds and a tetanus shot). Accordingly, Plaintiff must show some other injury to maintain an Eighth Amendment claim for deliberate indifference.

Turning to the second injury—Plaintiff's torn left labrum—the record shows that Plaintiff suffered from that injury since at least March 23, 2015. Doc. 32-4 at 60. Plaintiff stated in his deposition that he believed the surgery was the result of Defendant Ervin injuring his arm in the cell door. Doc. 32-2 at 64. This, however, is merely a conclusory allegation and is not sufficient to survive a motion for summary judgment. <u>Solliday v. Fed. Officers</u>, 413 F. App'x 206, 207 (11th Cir. 2011) ("Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported

---

[2] While Plaintiff does mention his asthma attack as the inciting incident for his alleged injuries, he does not appear to claim this asthma attack is a basis for his deliberate indifference claim. This is consistent with Plaintiff's deposition testimony, where he explained that the asthma attack quickly subsided and "didn't get too serious[.]" Doc. 32-2 at 4. Accordingly, the Court does not consider Plaintiff's asthma attack as a basis for the deliberate indifference claim.

summary judgment motion." citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th

Cir. 1990))). Plaintiff must produce some evidence permitting the Court to, at the very least,

draw a reasonable inference that this injury was caused by Defendant Ervin. To this point,

Plaintiff has shown only that he had a torn labrum on March 23, 2015, and that he still had a torn

labrum on October 23, 2015. Doc. 32-4 at 58–61. Plaintiff has not produced any evidence

showing the tear originated from the August 31, 2015 incident.

Plaintiff could still meet his burden by showing that his injury was exacerbated by

Defendant Ervin's alleged conduct, but the record is devoid of any evidence that Plaintiff's

labrum tear worsened between his March examination and his October diagnosis. Because

Plaintiff has failed to put any evidence before the Court that the alleged incident caused or

worsened the injury to his shoulder, Plaintiff's left labrum tear cannot serve as an "injury" for the

purposes of his deliberate indifference claim. As a result, Plaintiff cannot meet the elements for

an Eighth Amendment claim for deliberate indifference to a need for medical treatment.

For the reasons set forth above, I **RECOMMEND** that the Court **GRANT** this portion of

Defendants' Motion and **DISMISS** Plaintiff's Eighth Amendment deliberate indifference claims

as to all Defendants.

## II.     Claims for Damages for Excessive Force

Defendants next move the Court to limit Plaintiff to nominal damages for his excessive

force claim.[3] Doc. 32-1 at 10. Defendants argue that Plaintiff's injuries (the contusions and

abrasions on Plaintiff's left arm and right upper arm) are *de minimis* and, therefore, under the

Prison Litigation Reform Act ("PLRA"), Plaintiff can only recover nominal damages. Id.

---

[3] Defendants make this argument as to all claims, namely the deliberate indifference and excessive force claims. Doc. 32-1 at 10-11. Because I recommend dismissal of Plaintiff's deliberate indifference claims in their entirety, there is no need to consider the damages-limitation argument as it relates to those claims.

It is well settled in the Eleventh Circuit that an incarcerated individual cannot recover compensatory or punitive damages for a constitutional violation unless he can demonstrate a more than *de minimis* physical injury. Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (collecting cases construing § 1997e(e) of the PLRA). Where the physical injury is *de minimis* or, in some circumstances, where there is no physical injury the plaintiff can only recover nominal damages. Id. Cuts, bruises, and abrasions arising from use of force are typically deemed *de minimis* injuries. See, e.g., Nolin v. Isbell, 207 F.3d 1253, 1255 (11th Cir. 2000) (bruising to Plaintiff's forehead, chest, and wrists was *de minimis* injury); Moffett v. Hagan, No. 6:15-CV-108, 2016 WL 205402, at *4 (S.D. Ga. Jan. 15, 2016), *report and recommendation adopted*, No. 6:15-CV-108, 2016 WL 447623 (S.D. Ga. Feb. 4, 2016) (collecting cases and concluding that broken or bruised fingernail and pain and swelling in hand caused by slamming of tray flap on inmate's arm was *de minimis* injury); Parker v. Dubose, No. 3:12CV204/MCR/CJK, 2013 WL 4735173, at *2 (N.D. Fla. Sept. 3, 2013) ("Plaintiff's alleged black eye, bloody lip, scrapes, abrasion and 'backpains' do not amount to more than *de minimis* physical injury . . . .").

Here, Plaintiff has not presented evidence of a more than *de minimis* injury. Although Plaintiff alleges that the labrum tear in his left shoulder was caused by Defendant Ervin's use of excessive force, he has failed to present any credible evidence showing that the excessive force alleged in this case caused or exacerbated that injury. On the contrary, Plaintiff's medical records confirm that labrum tear existed months before the alleged incident. Doc. 32-4 at 58–61. Accordingly, the Court considers only the cuts and bruises on Plaintiff's arms when evaluating the physical injuries Plaintiff purportedly suffered. The cuts and bruises Plaintiff suffered are plainly *de minimis*. The injuries did not cause any bone fractures or require

stitches.  Id. at 35-37; Doc. 32-2 at 53-59.   Plaintiff was treated with over-the-counter pain medications and an ice pack.   Doc. 32-4 at 35-37; Doc. 32-2 at 53-59.   Plaintiff may not recover compensatory and punitive damages arising from those injuries.   He is limited to only nominal damages.

For the reasons set forth above, I **RECOMMEND** the Court **GRANT** this portion of Defendants Motion for Summary Judgment and **DISMISS** Plaintiff's claims for compensatory and punitive damages against Defendant Ervin.   Plaintiff's excessive force claims against Defendant Ervin for nominal damages should remain pending.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Defendants' unopposed Motion for Summary Judgment and **DISMISS** all claims except Plaintiff's claim excessive force claim for nominal damages against Defendant Ervin.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.   Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections

not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of March, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA