IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JARVIS DEMON BOOKER,          *
                              *
        Plaintiff,            *
                              *
           v.                 *          CV 617-015
                              *
OFFICER ERVIN,                *
                              *
        Defendant.            *

---

O R D E R

---

The remaining claim in this case is Plaintiff's excessive force claim for nominal damages against Defendant Ervin. The case is scheduled for jury selection and trial on Monday, November 18, 2019, in Statesboro, Georgia.

As an aid to the parties, the Court has considered the case preliminarily and forwards herewith its expected jury instructions in a case of this type. To the extent that either party has any objection to these instructions or has any suggested charge that differs from the jury instructions attached hereto, that party shall raise the objection at the pretrial conference on Friday, November 15, 2019.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of November, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JARVIS DEMON BOOKER,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　v.　　　　　　　　　　*　　　　CV 617-015
　　　　　　　　　　　　　　　　*
OFFICER ERVIN,　　　　　　　　 *
　　　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　　　*

---

## JURY INSTRUCTIONS

---

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that nothing the lawyers say is evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. You may also consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. Again, nothing the lawyers say is evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

## Responsibility for Proof—Plaintiff's Claim;
## Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff, Jarvis Demon Booker, to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

**Civil Rights – 42 U.S.C. § 1983 Claims – Eighth Amendment Claim – Convicted Prisoner Alleging Excessive Force**

In this case, Plaintiff Jarvis Demon Booker claims that the Defendant, Officer Ervin, while acting under color of law, intentionally violated Mr. Booker's Eighth Amendment right as a prisoner to be free from cruel and unusual punishment.

The Constitution guarantees that every person who is convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishment. This includes the right not to be assaulted or beaten without legal justification while incarcerated.

To succeed on this claim, Mr. Booker must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:  That Officer Ervin intentionally used force against Mr. Booker on August 31, 2015;

<u>Second</u>:  That the force used against Mr. Booker by Officer Ervin was excessive;

<u>Third</u>:  That Officer Ervin's conduct caused Mr. Booker's injuries; and

<u>Fourth</u>:  That Officer Ervin acted under color of law.

You must decide whether any force used in this case was excessive based on whether the force, if any, was applied in a good-faith effort to maintain or restore discipline, or instead whether it was applied maliciously or sadistically to cause

harm. In making that decision you should consider the amount of force used in relationship to the need presented; the motive of Defendant; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, officers may not maliciously or sadistically use force to cause harm regardless of the significance of the injury to the prisoner. But not every push or shove—even if it later seems unnecessary—is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations.

For the third element, Officer Ervin's conduct caused Mr. Booker's injuries if Mr. Booker would not have been injured without Officer Ervin's conduct, and the injuries were a reasonably foreseeable consequence of Officer Ervin's conduct.

For the fourth element, you must decide whether Officer Ervin acted under color of law. A government official acts "under color" of law when he acts within the limits of lawful authority. He also acts under color of law when he claims to be performing an official duty but his acts are outside the limits of lawful authority and abusive in manner, or he acts in a way that misuses his power and is able to do so only because he is an official.

If you find Mr. Booker has proved each of the facts he must prove, you must find for Mr. Booker and consider the issue of

damages. If you find that Mr. Booker has not proved each of these facts, then you must find for Officer Ervin.

## Reasonableness of Officer's Decision

In evaluating the reasonableness of an officer's decision, you must allow for the fact that officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation. The reasonableness of the officer's decision must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

## Damages

The Court has determined as a matter of law that Plaintiff can recover nominal damages only. This is because a person whose constitutional rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Therefore, if Plaintiff proves that Defendant violated his constitutional rights, then you may award nominal damages, for example, $1.00.

## Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson;
### Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the court security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me how many jurors have voted one way or the other at that time. That information must remain in the jury room and not be shared with anyone, including me.